UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:10-4108 JSB |
| | ) | |
| IVAN ZARATE CURI | ) | |

**MEMORANDUM**

Defendant Curi, who was arrested in this district on a warrant issued by the United States District Court for the Eastern District of Virginia, appeared before the undersigned Magistrate Judge on November 23, 2010, for an identity hearing pursuant to Rule 5(c)(3)(D) of the Federal Rules of Criminal Procedure. The Government called as its sole witness Homeland Security Officer Patrick Ryan Hubbard. The defendant offered no evidence.

At the conclusion of the hearing defendant, through counsel, moved for dismissal on two grounds: (1) the arrest warrant identifying defendant as "FNU LNU, (23)" is constitutionally invalid on its face and subject to dismissal, and (2) the evidence presented by the Government at the hearing was insufficient to allow the Court to conclude that defendant Curi is the person named in the indictment filed November 10, 2010, identifying this defendant as "FNU LNU (23), (phone number (615) 405-3076)." The undersigned Magistrate Judge granted counsel leave to file briefs in support of their respective positions by Monday, November 29, 2010. Both sides filed briefs (Docket Entry Nos. 10 and 11).

For the reasons stated below, the undersigned Magistrate Judge finds that defendant Curi is the person named in the indictment as defendant 23, and, therefore, that he is subject to transfer to the Eastern District of Virginia.

## Summary of the Evidence

Homeland Security Officer Hubbard testified at the hearing on November 23 that law enforcement officers within the Eastern District of Virginia had been investigating a number of individuals charged in an indictment with conspiracy to produce and transfer false identification documents in violation of 18 U.S.C. § 1028(f) and conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956(h). According to Officer Hubbard, this investigation involved individuals located in multiple states, including Tennessee. Officer Hubbard further testified that the investigation demonstrated that an individual using a cell phone number of (615) 405-3076 managed the false document production cell operating in Nashville, Tennessee.

Officer Hubbard further testified that on November 11, 2010, using global positioning system (GPS) information obtained through Sprint, law enforcement officers determined that the cell phone identified with number (615) 405-3076 was located at a Blockbuster video store near the Rivergate Mall in Nashville, Tennessee. A law enforcement agent entered the store and observed three male Hispanics in the store. Another agent located outside

the store then called the above telephone number and the agent within the store observed one of the three Hispanic individuals, who was later identified as defendant Curi, answer the telephone.

Officer Hubbard further testified that, using the GPS information obtained from the subject cell phone, law enforcement officers determined that the phone was frequently at an apartment located at 5242 Edmondson Pike in Nashville during evening hours. According to Officer Hubbard's testimony, on November 18, 2010, he knocked on the door of this apartment and, when an individual within opened the door, another agent located nearby called the above referenced telephone number. When the cell phone rang audibly within the apartment, Officer Hubbard asked the person who responded to the door whose telephone was ringing. This individual, later identified as defendant Curi, stated that the ringing cell phone was his. Officer Hubbard testified that the individual who answered this telephone on November 11, 2010, at the Blockbuster video store and the person who identified this cell phone as his on November 18, 2010, at the Edmondson Pike apartment were the same person, and that person was arrested and has subsequently been identified as the defendant, Ivan Zarate Curi.

## Analysis

Defendant Curi challenges the arrest warrant as constitutionally invalid on its face, and he further argues that this Court cannot transfer defendant Curi because the Court cannot

find from the evidence that defendant Curi is the same person as that named in the indictment filed November 10, 2010, identified as "FNU LNU, (23), (phone number (615) 405-3076).

In response, the Government argues that the inquiry at an identity hearing is limited to those matters stated in Rule 5(c)(3)(D), and that any attack upon the validity of the arrest warrant or the underlying indictment must be made, if at all, in the charging district after transfer.

The undersigned Magistrate Judge has reviewed the authorities cited by the parties and is persuaded that the Government's view of the limited scope of an identity hearing is correct. In general, the cases cited by the Government seem to hold that the inquiry by the Magistrate Judge at an identity hearing is limited to the matters contained in Rule 5(c)(3)(D), and that constitutional or other substantive challenges to the arrest warrant or the indictment should be addressed to the trial court in the charging district after transfer. See , e.g., United States v. Green, 499 F.2d 538, 540-41 (D.C. Cir. 1974); United States v. Martinez-Leon, 565 F.Supp. 2d 1131, 1134-35 (C.D. Cal. 2008); United States v. Acosta, 769 F.Supp. 184, 186 (E.D. Pa. 1994). The defendant's reliance upon United States v. Doe, 703 F.2d 745 (3rd Cir. 1983) is inapposite because it does not arise in the context of an identity hearing pursuant to Rule 5(c)(3).

The undersigned Magistrate Judge finds from the evidence presented at the identity hearing that defendant Ivan Zarate Curi is the same person named in the indictment, that is, the holder of a cell phone identified with the telephone number (615) 405-3076. The undersigned Magistrate Judge renders no opinion, express or implied, regarding the constitutional validity of the arrest warrant or the indictment.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge